Report set aside.

## THE PEOPLE vs. GULICK.

Even though a person levying upon property under process of law be legally incapable of executing the process, and therefore a trespasser, the owner of the property is not authorized to use unreasonable or unnecessary violence in resisting the execution of the process.

CERTIORARI. The facts of the case are stated in the opinion of the court.

*By the Court,* NELSON, Ch. J. THE defendant was indicted for an assault and battery upon Catharine Peck, and convicted in the Recorder's Court, city of New York. The conviction is brought here on certiorari before sentence, on bill of exceptions.

The defendant held a court marshal's warrant, as a special deputy, against the husband of Catherine, by virtue of which he had levied on some household furniture: and on the day of the alleged assault, had called to remove it—which she resisted. The whole evidence shows that all that happened to her, which, under any circumstances, could amount to nothing more than a technical assault, for no harm was done, was in self-defence, by way of resisting her violent assaults.

The defendant seems to have done all that he could to appease her and avoid any difficulty—it is quite obvious he got the worst of it, according to the proof—she struck him

several times in the face, and conducted herself in a most violent manner.

There could have been no question in the case, or color for the offence charged were it not, that it turned out in the course of the proof that the defendant was not a citizen of New York, but of New Jersey, and hence, as supposed, was an incompetent person to execute the process.

The recorder charged, that the defendant being a non-resident of the state was not authorized to act as a special deputy, and that the appointment was for that reason void; that he was a trespasser in entering the house of Peck, and was technically guilty, if he exercised any force however slight; that Mrs. P. had a right to resist the execution of the warrant, and that the defendant was liable to conviction for an assault if he exercised the least force in opposition to her resistance.

The defendant excepted, and under the charge the jury found the defendant guilty.

Even conceding the defendant disabled from executing the process on account of his non-residence, and incompetency to hold any office in the state, I am of opinion the court below erred in submitting the case to the jury.

It may be admitted, for the purpose of the decision, that the defendant was a trespasser in entering the house of Peck: but even a trespasser is not bound to submit quietly to unreasonable or unnecessary violence. Though in the wrong, at the time, he does not thereby forfeit all right to self-protection, nor lie under obligation to give himself up, a resistless victim, to beating and bruising, at the will or caprice of the injured party. On the contrary, he may, within acknowledged principles, protect himself, by force, from unreasonable or wanton violence committed, or sought to be committed by the party trespassed upon. This is obvious from the consideration, that the latter is not justified in using this description of violence. He can, lawfully, use no more than is necessary and proper to prevent the trespass upon his rights. "Unless the trespass is accompanied with violence, the owner of the land will not be justified in assaulting the trespasser in the first instance: but, should re-

quest him to depart or desist, and if he refuses, should gently lay hands on him for the purpose of removing him, and if he resist with force, then force may he used in return by the owner, sufficient to effect his expulsion." (Roscoe Cr. ed., pp. 262, and cases.)

Now, upon this view of the law as it respects the rights of the defendant, though guilty of the trespass, I think the court erred in advising the jury regarding the evidence as it stood, that the defendant was liable to conviction for the assault, if he exercised the *least force in opposition to the resistance of Mrs. P.*

She struck and beat him several times, while in the house; once in the face; and the most that is shown by way of forcible resistance on his part, so far as assault goes, was to relieve himself from her.

Instead of the above charge the court should have put the case to the jury, as the evidence stood, submitting to them, whether or not the defendant had done anything more, than resist unreasonable and unnecessary violence sought to be committed upon his person; if he did not, they should acquit, if he did, convict.

New trial granted.